UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEN SONG CHEN,

                              Plaintiff,

                                                  Case No: 18-cv-6081

- against –

EDO SUSHI & GRILL, INC. d/b/a Sushi Edo, Kai
Liu, Choe Lin, Del Belfessa, Penny Chen, Danny Tam,
Ying Liu, Jane Doe, and John Doe,

                              Defendants,
------------------------------------------------------------X

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by and among,

(i) FEN SONG CHEN ("Plaintiff"), and
(ii) EDO SUSHI & GRILL d/b/a Sushi Edo, KAI LIU, and YING LIU (collectively, "Defendants"),
(Plaintiff and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiff allegedly was employed by Defendants for certain time periods; and

WHEREAS, on or about August 2, 2018, Plaintiff through his attorneys, the Law Office of John S. Yong, P.C. against Defendants and Choe Lin, Del Belfessa, Penny Chen, and Danny Tam, nonparties to this settlement agreement, in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), SDNY Case No. 1:18-cv-6081 (the "Complaint") on behalf of themselves and others similarly situated; and

WHEREAS all claims in Plaintiff's Complaint will be discontinued with prejudice as to Choe Lin, Del Belfessa, Penny Chen, Danny Tam, John Doe and Jane Doe.

WHEREAS, Defendants deny all claims in Plaintiff's Complaint; and

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

1

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, Law Office of John S. Yong, P.C., 39 East Broadway, Suite 503, New York, NY 10002, Tel: (212) 223-6668

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Xue & Associates, PC, 1 School Street, Suite 303A, Glen Cove, New York 11542, Tel: 516-595-8887.

WHEREAS, Plaintiff's Attorneys and Defendants' Attorneys have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Compensation and Benefits

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of all claims against Defendants and the Releases (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a payment in the amount of Twenty Seven Thousand Five Hundred Dollars and No Cents ($27,500), payable to "Law Office of John S. Yong, P.C." to be paid in thirteen (13) installments, as follows:

   i. Within seven (7) days of judicial approval of this Agreement, the sum of Five Thousand Dollars and No Cents ($5,000.00) shall be made payable to " Law Office of John S. Yong, P.C".
   ii. Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".
   iii. Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".
   iv. Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    v.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    vi.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    vii.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    viii.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    ix.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    x.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    xi.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    xii.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

    xiii.    Within thirty (30) days thereafter, the sum of One Thousand Eight Hundred Seventy-Five Dollars and No Cents ($1,875.00) shall be made payable to " Law Office of John S. Yong, P.C".

a) In the event of a breach of the agreement by Defendants for defaulting on any installment payment, Defendants shall be responsible for Plaintiff's attorneys' fees and cost and disbursements of enforcement proceedings.

b) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless they enter into this agreement, they would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he has been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been entitled.

c) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants including all claims arising from or concerning Plaintiff's pay during their alleged employment, for actual damages, liquidated damages, interest, attorneys' fees and costs and all claims which were or could

have been in Plaintiffs' Complaint arising from or concerning Plaintiff's pay during his alleged employment.

d) Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

e) RELEASEES: As defined herein, Releasees shall mean: (i) EDO SUSHI & GRILL d/b/a Sushi Edo and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ii) KAI LIU in his/her individual and corporate capacities, and his/her heirs, executors, administrators, attorneys, successors and assigns; and (iii) YING LIU in his/her individual and corporate capacities, and his/her heirs, executors, administrators, attorneys, successors and assigns.

## 2. Wage and Hour Release.

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including overtime, unpaid wages, spread of hours, and any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act during Plaintiff's alleged employment with Defendants. This release does not include a release of any rights Plaintiff may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

## 3. Discontinuance of Claims

Plaintiff acknowledges he will dismiss and withdraw the Action as to Choe Lin, Del Belfessa, Penny Chen, Danny Tam, John Doe and Jane Doe. Plaintiff acknowledges and agrees

that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Defendants' attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

### 4. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while allegedly in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 5. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's alleged employment with Defendants or this Agreement shall be resolved in either the New York State Supreme Court, New York County, or the United States District Court for the Southern District of New York.

### 6. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

### 7. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 8. General Provisions

The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has

been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 9. Legal Counsel

Plaintiff is hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiff acknowledges that he was fully and fairly represented by the Law Office of John S. Yong, P.C, in connection with the review, negotiation and singing of this Agreement.

### 10. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.. PARTIES FURTHER ACKNOWLEDGE THAT IF ENGLISH IS NOT HIS/HER PRIMARY LANGUAGE THIS AGREEMENT HAS BEEN TRANSLATED TO HIM/HER IN A SATISFACTORY MANNER BY A TRANSLATOR OF HIS/HER CHOOSING.**

**PLAINTIFF**

Dated: 4/8/2019         By: _CHEN FEN Song_
                             FEN SONG CHEN

**DEFENDANTS**

Dated: _____   By: _____
                             KAI LIU

Dated: _____   By: _____
                             YING LIU


EDO SUSHI & GRILL INC.

Dated: _____   By: _____

been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 9. Legal Counsel

Plaintiff is hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiff acknowledges that he was fully and fairly represented by the Law Office of John S. Yong, P.C, in connection with the review, negotiation and singing of this Agreement.

### 10. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.. PARTIES FURTHER ACKNOWLEDGE THAT IF ENGLISH IS NOT HIS/HER PRIMARY LANGUAGE THIS AGREEMENT HAS BEEN TRANSLATED TO HIM/HER IN A SATISFACTORY MANNER BY A TRANSLATOR OF HIS/HER CHOOSING.**

**PLAINTIFF**

Dated: _____     By: _____
                                       FEN SONG CHEN

**DEFENDANTS**

Dated: _____     By: _____
                                       KAI LIU

Dated: _____     By: _____
                                       YING LIU

                                  EDO SUSHI & GRILL INC.

Dated: _____     By: _____