**THE LAW OFFICE OF JOHN YONG, P.C.**
**39 EAST BROADWAY, 5TH FLOOR**
**NEW YORK, NY 10002**
**TEL: (212) 233-6668**

Via ECF
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Joint Letter Motion Requesting Court Approval of Settlement Agreement
      Chen v. Edo Sushi & Grill, Inc., et al: 18-cv-6081

Dear Judge Abrams:

The plaintiff Fen Song Chen and the defendant Edo Sushi & Grill, Inc., d/b/a Sushi Edo, Kai Liu, Chloe Lin, Del Belfessa, Penny Chen, Danny Tam, Ying Liu, Jane Doe and John Doe, (hereinafter, "Defendants"),

hereby jointly submit this application for settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Attached as **Exhibit 1** is a copy of the Settlement Agreement and the attached Stipulation of Voluntary Dismissal with Prejudice.

When FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." See Cheeks, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); see also Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Certain red-flag issues were identified in Cheeks, such as confidentiality provisions, overly broad release, and attorney's fees over 40% without adequate documentation to support such an award. *Id*. The Parties' settlement agreement is fair, reasonable, and does not contain such red flags. The $27,500.00 settlement falls within the range of reasonableness in light of the best possible recovery and the risks of

litigation and collection, and therefore should be approved.

### I. The Settlement is Fair and Reasonable

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $27,500.00 including fees and costs. Plaintiff damage calculations amounted to $67,000 in claims including liquidated damages. Plaintiff alleges that he worked for Defendants for a period of 2 years, working 11 hours a day and between 5 and 6 days a week. Based on representations from Defendant regarding their financial status and ability to pay, Plaintiff believes this is a fair and reasonable settlement amount to all parties involved.

### II. It Is Fair and Reasonable for This Firm to Receive 1/3 of the Net Recovery As Attorney's Fees

As to the award of attorney's fees to this firm, it is respectfully submitted that it is fair and reasonable for this firm to receive 1/3 of the net recovery (to wit, $9,166.67) as attorney's fees pursuant to the retainer agreement between the Plaintiff and the Plaintiff's counsel. For the Court's convenience, the Plaintiff's counsel has attached his law firm's billing entries showing the expenses advanced by the law firm, which are part of the law firm's contemporaneous billing records. (**Exhibit 2**) The settlement funds as follows:

(1) The first settlement payment of $5,000 the law firm will keep $5,000/3 = $1,667.00, and the remaining $3,333.00 will be paid to the Plaintiff; and

(2) Each subsequent monthly installment: the law firm will keep 1/3, and the remaining 2/3 will be paid to the Plaintiff.

It is this firm that made all efforts to bring the case to its best possible shape, given the circumstances. What has previously been done by the prior counsel created a difficult situation for the Plaintiff to recover the damages that he deserves. However,

this firm has done the best it can to put the case on the right track.

Additionally, the work performed by this firm is very substantial. We tirelessly reviewed the voluminous case documents, identified and fixed all holes in the case that could still be fixed, attended numerous court appearances, multiple sessions of mediations, and eventually successfully negotiated a settlement with Defendants.

Moreover, courts in this district have repeatedly held that "one-third of the total aware is the customary contingency percentage in FLSA cases." Garcia v. Atlantico Bakery Corp., 2016 U.S. Dist. LEXIS 84631, 2016 WL 3636659 (S.D.N.Y. June 29, 2016).

For the foregoing reasons, it is respectfully requested that the Court find that the fee requested, to wit, 1/3 of the net recovery, is reasonable.

In view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement. We thank Your Honor for considering this matter.

Respectfully submitted,

/s John S. Yong  
John S. Yong, Esq.  
Counsel for Plaintiff

s/ Benjamin B. Xue  
Benjamin B. Xue, Esq.  
Counsel for Defendant